IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FREDDIE FOUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-242 |
| | ) | |
| DUKE UNIVERSITY and SUSAN GORDON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMPORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief Judge.

The plaintiff, Freddie Foust, has sued his former employer, Duke University, asserting that his employment was terminated and that he was not rehired because of his race and in retaliation for engaging in protected activity, all in violation of Title VII and 42 U.S.C. § 1981. He also brings a discriminatory termination and retaliatory termination claim under § 1981 against his former supervisor, Susan Gordon. Because Mr. Foust did not timely exhaust his administrative remedies, his Title VII claims will be dismissed. Mr. Foust's § 1981 claims will be dismissed to the extent he asserts a claim for hostile work environment because the facts alleged are insufficient to state a claim. His § 1981 claims for discriminatory termination and retaliation may otherwise proceed against Duke and Ms. Gordon

I. **Title VII Claims Against Duke**

Title VII requires employees to exhaust administrative remedies by presenting claims to the EEOC before filing suit. *See Balas v. Huntington Ingalls Indus., Inc.*, 711

F.3d 401, 406 (4th Cir. 2013) (citing 42 U.S.C. § 2000e-5(b)); *accord Li v. Shepherd Univ.*, 2022 WL 16919271, at *2 (4th Cir. 2022). The charge must be filed "within 180 days after the alleged unlawful practice occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)); *accord McClelland v. Hous. Auth. of Wake*, No. 22-CV-204, 2024 WL 4101476, at *13 (E.D.N.C. July 19, 2024). It is undisputed that Mr. Foust did not file the EEOC charge within 180 days of his termination and the alleged discriminatory acts leading up to it. These claims are therefore barred and will be dismissed.

Mr. Foust contends that the time did not begin to run until resolution of his internal appeal, which he initiated with Duke after his termination. Doc. 25 at 6. But the fact that an employment decision could be reversed through an internal appeal or grievance process does not toll commencement of the limitations period. *See Muir v. Winston-Salem State Univ.*, No. 11-CV-282, 2012 WL 683359, at *5 (M.D.N.C. Mar. 2, 2012) (collecting cases); *Mills v. City of Norfolk*, No. 20-CV-521, 2020 WL 7630647, at *3 (E.D. Va. Dec. 22, 2020). Mr. Foust cites no authority to the contrary.

Mr. Foust mentions the continuing violation doctrine. Doc. 25 at 5. But that doctrine does not apply here because "discrete discriminatory acts," including termination and refusal to hire, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113–14.

Mr. Foust also contends that Duke should not be able to assert the 180-day filing requirement as a defense because Duke engaged in a "bad faith attempt to utilize their

2

internal appeals process as a means to run employee's statute of limitations to file their charges of discrimination." Doc. 25 at 6. But "the availability of an internal appeals process at an employer does not constitute 'wrongful conduct' that induces an employee to refrain from filing suit." *Muir*, 2012 WL 683359, at *6. Moreover, Mr. Foust's conclusory assertions do not include factual allegations tending to indicate that Duke engaged in wrongful conduct in the internal appeal process, nor does he allege facts supporting equitable tolling.

Mr. Foust's Title VII claims based on discrimination and retaliatory discrimination, Counts One and Three, Doc. 18 at ¶¶ 40–50, 62–75, are time barred and will be dismissed.

To the extent the complaint purports to assert a Title VII claim for retaliatory failure to rehire, *id.* at ¶ 70, Mr. Foust has not exhausted his administrative remedies; nothing about any such failure was included in his October 2023 EEOC charge. *See* Doc. 22-1.[1] Mr. Foust does not contest this or provide any argument to the contrary in his briefing. *See* Doc. 25. That claim will be dismissed without prejudice.[2]

---

[1] While courts generally do not consider matters outside the pleadings when ruling on a motion to dismiss, *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013), courts may consider documents attached to the motion to dismiss without converting a motion to dismiss into one for summary judgment if those documents are "integral to the complaint and authentic." *Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 (4th Cir. 2024) (cleaned up). Since Mr. Foust's EEOC charge is integral to the complaint, and there is no dispute as to its authenticity, the Court can consider it.

[2] Mr. Foust has since filed a separate lawsuit addressing his claims for retaliatory failure to rehire. *Foust v. Duke Univ.*, 24-CV-1100 (M.D.N.C.).

## II. Section 1981 Claims Against Duke and Ms. Gordon

To the extent Mr. Foust claims that the defendants discriminated against him by creating a hostile work environment in violation of § 1981, that claim will be dismissed. "A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (cleaned up); *McIver v. Bridgestone Ams., Inc.*, 42 F.4th 398, 407 (4th Cir. 2022). Conclusory allegations of receiving little training, being ignored, and getting written up for performance issues, Doc. 18 at ¶¶ 27, 30, are insufficient to make such a claim plausible.

Mr. Foust does state § 1981 claims for discriminatory termination and retaliation against Duke and Ms. Gordon.[3] He alleges that Ms. Gordon repeatedly made "derogatory comments" about his race and color and sent him "racially offensive" emails. *Id.* at ¶¶ 22–23. He further alleges that after he complained about the discrimination and retaliation, *id.* at ¶¶ 28–30, he was terminated, *id.* at ¶ 32, and he was not rehired for positions to which he applied.[4] *Id.* at ¶¶ 34, 84. It would have been better practice to be at least a little more specific about the content of these comments and emails, but at this

---

[3] The caption of the complaint lists Ms. Gordon as a defendant in both her individual and official capacities, Doc. 18 at 1, but the "official capacity" inclusion seems to be an error. "Official capacity" claims are typically made against those acting under color of state law, which does not appear to be the case here, and the only claims asserted against Ms. Gordon list her as a defendant in her individual capacity. *Id.* at 7, 10. The Court so construes the complaint and has modified the caption accordingly.

[4] As noted *supra*, Mr. Foust has since brought a separate lawsuit against Duke addressing his claims for retaliatory failure to rehire. *Foust v. Duke Univ.*, 24-CV-1100 (M.D.N.C.).

stage the Court views the allegations in the light most favorable to the plaintiff.[5] Via his Rule 26(a) disclosures, Mr. Foust will have to provide such details to the defendants so that they can appropriately defend the case, and the Court will require that to be done sooner rather than later.

It is **ORDERED** that:

1. Duke University's motion to dismiss, Doc. 21, is **GRANTED** as to all Title VII claims and as to any § 1981 claim for hostile work environment. Any Title VII claim for failure to rehire is dismissed without prejudice for failure to exhaust. The motion is otherwise **DENIED**, and the plaintiff's § 1981 discriminatory termination and retaliation claims may proceed.

2. Susan Gordon's motion to dismiss, Doc. 23, is **GRANTED** as to any § 1981 claim for hostile work environment. The motion is otherwise **DENIED**, and the plaintiff's § 1981 discriminatory termination and retaliation claims may proceed.

3. Defendants **SHALL** file answer no later than March 27, 2025.

4. No later than March 20, 2025, the plaintiff **SHALL** serve a preliminary Rule 26(a)(1) disclosure setting forth each of the "derogatory comments about [his] race and color" he contends were made by defendant Gordon

---

[5] Mr. Foust contends that he is not required to plead specific facts, so long as he gives fair notice of the grounds for his claim. Doc. 25 at 4. That is not so. For a claim to be plausible, plaintiffs must allege at least a few specific facts; as the Supreme Court noted many years ago, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

and the content of emails from defendant Gordon that the plaintiff found "racially offensive," and the plaintiff **SHALL** provide copies to defense counsel of any such emails in his possession or control. Additional Rule 26(a)(1) disclosures will be required when set in the Scheduling Order.

5. The matter is referred to the Magistrate Judge for an initial pretrial scheduling conference.

This the 12th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE