IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:24-cv-00242-CCE-JEP

| | |
|---|---|
| FREDDIE FOUST, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| DUKE UNIVERSITY and SUSAN GORDON, | ) |
| | ) |
| *Defendants.* | ) |

**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

**Rule 26(f) Conference**. In accordance with Federal Rule of Civil Procedure 26(f) and the Court's Order (Dkt. 33) dated March 28, 2025, a telephone conference was held on April 23, 2025, attended by Shayla Richberg for Plaintiff, Kenzie Rakes for Defendant Susan Gordon ("Gordon"), and Robert A. Sar for Defendant Duke University ("Duke") (collectively, Gordon and Duke are ("Defendants").

2. **Discovery Plan**. The parties propose to the Court the following discovery plan:

(a) The parties will exchange mandatory initial disclosures required by Rule 26(a)(1) within thirty (30) days of the date that the Court approves the discovery plan.

(b) Discovery will be needed on the following subjects:

1

- Plaintiff's claims as allowed to proceed pursuant to the Court's Memorandum Opinion and Order (Dkt. 29).

- The alleged damages sought by Plaintiff and any efforts to mitigate those damages.

- Defendants' defenses as set forth in their Answers to the Amended Complaint and any other defenses that may become applicable during discovery.

- Any expert disclosures.

(c) The parties intend to conduct consolidated discovery in this case and the companion case of *Foust v. Duke University*, 1:24-cv-01100. Discovery shall be placed on a case-management track established in LR 26.1. In light of the claims raised in Plaintiff's Amended Complaint, the appropriate plan for this case is that designated in LR 26.1 as complex.

(d) The date for the completion of all discovery (general and expert) is: January 10, 2026.

(e) Maximum of thirty (30) interrogatories, thirty (30) requests for production of documents, and thirty (30) requests for admissions per party. Plaintiff may serve Defendant Duke with 30 interrogatories, 30 requests for production of documents, and 30 requests for admissions. Likewise, Defendant Duke may serve Plaintiff with 30 interrogatories, 30 requests for production of documents, and 30 requests for admissions. Plaintiff may serve Defendant Gordon with 30 interrogatories, 30 requests for production of documents, and 30 requests for admissions. Defendant Gordon may serve Plaintiff with 30 interrogatories, 30 requests for production of documents, and 30 requests for

admissions. Responses are due thirty (30) days after service unless otherwise agreed to by the parties. The parties agree that written discovery shall be coordinated with any written discovery in the companion case of *Foust v. Duke University*, 1:24-cv-01100, such that this agreed limitation applies collectively to both cases (i.e., 30 discovery requests spread between the two cases – and not 30 requests in each case).

(f) Maximum of seven (7) depositions by Plaintiff (including any experts), seven (7) by Defendant Duke (including any experts), and seven (7) by Defendant Gordon (including any experts). Each deposition, including expert and Rule 30(b)(6) testimony, is limited to (1) day of seven (7) hours of testimony per witness, unless extended by agreement of the parties. The parties agree that discovery shall be coordinated with any discovery in the companion case of *Foust v. Duke University*, 1:24-cv-01100, such that this agreed limitation applies collectively to both cases (i.e., 7 depositions spread between the two cases – and not 7 depositions in each case).

(g) Retained experts and reports from the Plaintiff are due August 10, 2025. Retained experts and reports from Defendants are due September 10, 2025. Retained rebuttal experts and reports designated to rebut fact evidence, responses, or rebuttal experts are due October 10, 2025.

(h) Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

3. **Mediation**. Mediation should be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be Ann Anderson.

4. **Preliminary Deposition Schedule**. Preliminarily, the parties agree to the following schedule for depositions: Defendants anticipate deposing Plaintiff following an initial round of written discovery and prior to mediation. The parties will update this schedule at reasonable intervals.

5. **Other Items**.

(a) Any motions by Plaintiff to join additional parties or amend pleadings shall be filed within thirty (30) days of the service of initial disclosures, and any motions by Defendants to join additional parties or amend pleadings shall be filed within thirty (30) days of service of initial disclosures. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

(b) The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§ 636(c), or appointment of a master, and do not consent on utilization of these procedures.

(c) The case should be ready for trial sixty (60) days after the Court rules on any dispositive motions, and is expected to take approximately two (2) to four (4) days.

(d) **Electronically Stored Information**: Electronically stored information sought in discovery shall be produced in reasonably usable electronic form such as searchable tiff or .pdf images, at the option of the producing party. The parties have agreed that no hard drives, email or other electronic databases shall be searched by electronic means until the parties have agreed upon search terms, which databases are to be searched, and custodians whose files are to be searched, not to exceed five (5) custodians. The parties agree that ESI discovery shall be coordinated with any discovery in the companion case of *Foust v. Duke University*, 1:24-cv-01100, such that a total of 5 custodians applies to both cases, and not 5 different custodians in each case.

(e) **Stipulation concerning claw-back agreement**: In furtherance of the discovery process in this case, the parties hereby stipulate that the production in the course of discovery in this action of any inadvertently produced document shall not be deemed to waive whatever attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the document produced or to other documents, as long as the producing party or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim or privilege or other protection or immunity. Upon such notice, the other party or parties shall destroy promptly all copies of the documents or information referred to and notify the producing party or person that it has done so.

(f) **Protective Order**: The parties have discussed the confidentiality of certain information and documents which may be requested and produced during the litigation of this matter. The parties will attempt in good faith to agree upon a mutually acceptable consent protective order.

(g) Counsel have conferred regarding the possibility of sealed documents and presently believe this case will not involve any documents to be submitted under seal.

Respectfully submitted this the 23rd day of April, 2025.

Richberg Law, PLLC

/s/ *Shayla Richberg*
Shayla Richberg
3326 Durham-Chapel Hill Blvd
Building B-120A
Durham, NC 27707
DefendMe@RichbergLaw.com
*Attorneys for Plaintiff*

Morningstar Law Group

/s/ *Kenzie M. Rakes*
Amie F. Carmack
Kenzie M. Rakes
421 Fayetteville Street, Suite 530
Raleigh, NC 27601
acarmack@morningstarlawgroup.com
krakes@morningstarlawgroup.com
*Attorneys for Defendant Susan Gordon*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ *Vanessa N. Garrido*
Robert A. Sar (N.C. Bar No. 22306)

6

Case 1:24-cv-00242-CCE-JEP   Document 35   Filed 04/23/25   Page 6 of 8

Vanessa N. Garrido (N.C. Bar No. 53470)
8529 Six Forks Road, Suite 600
Raleigh, NC  27615
Telephone:  919.787.9700
Facsimile:  919.783.9412
Bob.Sar@ogletree.com
Vanessa.Garrido@ogletree.com

*Attorneys for Duke University*

# **CERTIFICATE OF SERVICE**

This is to certify that the undersigned, on this date, electronically filed the foregoing Joint Rule 26(f) Report with the Clerk of Court using the CM/ECF System, which will give electronic notice of the same to the following CM/ECF participants:

Shayla Richberg
Richberg Law, PLLC
3326 Durham-Chapel Hill Blvd
Building B-120A
Durham, NC 27707
DefendMe@RichbergLaw.com
*Attorneys for Plaintiff*

Amie F. Carmack
Kenzie M. Rakes
Morningstar Law Group
421 Fayetteville Street, Suite 530
Raleigh, NC 27601
acarmack@morningstarlawgroup.com
krakes@morningstarlawgroup.com
*Attorneys for Defendant Susan Gordon*

This the 23rd day of April, 2025.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ *Vanessa N. Garrido*
Robert A. Sar (N.C. Bar No. 22306)
Vanessa N. Garrido (N.C. Bar No. 53470)
8529 Six Forks Road, Suite 600
Raleigh, NC  27615
Telephone:  919.787.9700
Facsimile:  919.783.9412
Bob.Sar@ogletree.com
Vanessa.Garrido@ogletree.com

*Attorneys for Duke University*

8

89460558.v1-OGLETREE

Case 1:24-cv-00242-CCE-JEP     Document 35     Filed 04/23/25     Page 8 of 8